WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CV 13-1316-TUC-CRP |
| Plaintiff, | **ORDER** |
| vs. |  |
| $229,850.00 in U.S. Currency, |  |
| Defendant. |  |
| Robert and Debra Osborne, |  |
| Claimants. |  |

Pending before the Court is Claimants' Motion for Reconsideration of Order Denying Motion to Dismiss. (Doc. 28). On September 25, 2014, the Court denied Claimants' Motion to Dismiss which was based on Claimants' argument that the Complaint in this matter was untimely filed. Although the Court agreed with Claimants that the Complaint was untimely filed by one day, the Court determined that the doctrine of equitable tolling properly applied to excuse the late filing. (Doc. 27).

Whether to grant or deny a motion for reconsideration is within the discretion of the court. *See Barber v. State of Hawaii,* 42 F.3d 1185, 1198 (9th Cir. 1994). "Motions to reconsider are appropriate only in rare circumstances[.]" *Defenders of Wildlife v. Browner,* 909 F.supp. 1342, 1351 (D. Ariz. 1995). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with

1 newly discovered evidence, committed clear error, or if there is an intervening change in the
2 controlling law." *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)
3 (citing *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.,* 5 F.3d 1255, 1263 (9th
4 Cir. 1993)).  Motions for reconsideration should not be used for the purpose of requesting
5 the court "'to rethink what the court had already thought through—rightly or wrongly.'"
6 *Defenders of Wildlife,* 909 F.Supp. at 1352 (quoting *Above the Belt, Inc. v. Mel Bohannan*
7 *Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also Sullivan v. Faras-RLS Group,*
8 *Ltd.,* 795 F.Supp. 305, 308-09 (D.Ariz. 1992) (same). Moreover, the Rules of Practice of the
9 U.S. District Court for the District of Arizona, state that: "No motion for reconsideration of
10 an Order may repeat any oral or written argument made by the movant in support of or in
11 opposition to the motion that resulted in the Order.  Failure to comply with this subsection
12 may be grounds for denial of the motion." LRCiv 7.2(g).

13 Claimants take issue with the Court's conclusion that equitable tolling excused the
14 government's delay in this case.  Although Claimants agree with the Court's statement of the
15 standard for equitable tolling, they argue that the Court misapplied the standard in this case.
16 As Claimants have recognized, a party is entitled to equitable tolling where "he shows '(1)
17 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
18 stood in his way' and prevented the timely filing." *Holland v. Florida,* 560 U.S. 631, 649
19 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). (*See* Motion for
20 Reconsideration, pp. 1-2) (citing September 25, 2014 Order, p. 17).  Claimant' Motion for
21 Reconsideration focuses on their position that the government waited until what it
22 determined was the last day to file the Complaint.  According to Claimants, such conduct
23 fails to establish good faith or diligence on the government's part.  Claimants contend that
24 the government failed to make a showing that "circumstances arose requiring last minute
25 compliance." (Motion for Reconsideration, p. 2).

26 In denying Claimants' Motion to Dismiss, the Court specifically recognized
27 Claimants' argument that the government did not have to wait to file the Complaint until
28 what it thought was the last day. (*See* Order, p. 19 (citing Reply (Doc. 20), p. 7)).  The Court

pointed out that had "this Court adopted the government's position, the Complaint would have been timely." (Order, p.19). In sum, the Court held that "[g]iven the government's diligence and the extraordinary circumstance of the unsettled law on this issue,...the government is entitled to equitable tolling." (*Id.*)

Claimants' Motion for Reconsideration essentially requests that the Court "'rethink what the [C]ourt ha[s] already thought through–rightly or wrongly.'" *Defenders of Wildlife,* 909 F.Supp. at 1351 (quoting *Above the Belt, Inc.,* 99 F.R.D. at 101). As such, the Court declines to reconsider its September 25, 2014 determination. Accordingly,

IT IS ORDERED that Claimants' Motion for Reconsideration (Doc. 28) is DENIED.

DATED this 20th day of October, 2014.

*/s/ Charles R. Pyle*

**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE